**ORIGINAL**

UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

2017 NOV 21 PM 4:18

CLERK OF COURT

| | |
|---|---|
| CQUENTIA SERIES, LLC and<br>HTG SERIES, a series declared by<br>CQUENTIA SERIES, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>CHANNEL (H), INC. and<br>ROBERT CAPELLI,<br><br>*Defendants*. | Case No. 4:17-cv-00919-A<br><br>State Court Cause No.: 348-295398-17 |

## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants CHANNEL (H), INC. and ROBERT CAPELLI ("Defendants"), specially appearing by and through their undersigned counsel, hereby Answer the Original Petition ("Petition") of Plaintiffs CQuentia Series, LLC and "HTG Series, a series declared by CQuentia Series, LLC" ("Plaintiffs"):

### DISCOVERY LEVEL

1. Paragraph 1 contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that Plaintiffs seek the relief set forth therein, and further aver that Plaintiffs are not entitled to the requested relief or any relief whatsoever from Defendants.

### PARTIES

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Petition.

3. Deny the allegations set forth in Paragraph 3 of the Petition.

4. Deny the allegations set forth in Paragraph 4 of the Petition, except admit that Channel (H), Inc. is a Delaware corporation with a principal place of business in Essex County, Massachusetts.

5. Deny the allegations set forth in Paragraph 5 of the Petition, except admit that Robert Capelli is an individual domiciled outside the State of Texas.

## JURISDICTION AND VENUE

6. Deny the allegations set forth in Paragraph 6 of the Petition, and further aver that the "matter in controversy" is greater than $75,000.

7. Deny so much of the allegations set forth in Paragraph 7 of the Petition as is inconsistent with the referenced agreements, and respectfully refer the Court to the referenced documents for a full and accurate statement of their contents, except deny that the Court has personal jurisdiction over Robert Capelli.

8. Deny so much of the allegations set forth in Paragraph 8 of the Petition as is inconsistent with the referenced agreements, and respectfully refer the Court to the referenced documents for a full and accurate statement of their contents, except deny that Robert Capelli "agreed in writing that venue shall lie exclusively in Tarrant County, Texas" as to any claim asserted by Plaintiffs.

## FACTUAL BACKGROUND

9. Deny the allegations set forth in Paragraph 9 of the Petition.

10. Admit that Robert Capelli is the CEO of Channel (H) and that Channel (H) "specializes in software development," except deny the remaining allegations set forth in Paragraph 10 of the Petition.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Petition.

12. Admitted.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Petition.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Petition.

15. Deny the allegations set forth in Paragraph 15 of the Petition.

16. Deny the allegations set forth in Paragraph 16 of the Petition.

17. Deny the allegations set forth in Paragraph 17 of the Petition.

18. Deny so much of the allegations set forth in Paragraph 18 of the Petition as is inconsistent with the referenced agreement, and respectfully refer the Court to the referenced document for a full and accurate statement of its contents, except admit that Channel (H) and CQuentia entered into a License Agreement dated June 2, 2016.

19. Deny so much of the allegations set forth in Paragraph 19 of the Petition as is inconsistent with the referenced agreements, and respectfully refer the Court to the referenced documents for a full and accurate statement of their contents, except admit that Channel (H) and CQuentia entered into a "Channel (H) Cloud Data Services Terms of Service and Agreement" dated October 29, 2016.

20. Deny so much of the allegations set forth in Paragraph 20 of the Petition as is inconsistent with the referenced agreement, and respectfully refer the Court to the referenced document for a full and accurate statement of its contents.

21. Deny so much of the allegations set forth in Paragraph 21 of the Petition as is inconsistent with the referenced agreement, respectfully refer the Court to the referenced document for a full and accurate statement of its contents, and admit that Channel (H) and CQuentia entered into a "Channel (H), Inc. Software License and Network Service Agreement" dated December 19, 2017 and executed in January 2017, except deny that Robert Capelli made any representation as set forth in Paragraph 21 of the Petition.

22. Deny the allegations set forth in Paragraph 22 of the Petition.

23. Deny so much of the allegations set forth in Paragraph 23 of the Petition as is inconsistent with the referenced agreement, and respectfully refer the Court to the referenced document for a full and accurate statement of its contents, except admit that Channel (H) and CQuentia entered into a "Non-Disclosure, Confidentiality & Non-Circumvention Agreement" dated May 16, 2017.

24. Deny the allegations set forth in Paragraph 24 of the Petition.

25. Admit that on September 26, 2017, counsel for Channel (H) sent a letter to CQuentia Series, LLC's CEO, D. Alan Meeker, via email and FedEx, concerning the unauthorized use of Channel (H)'s copyrights and misappropriation of Channel (H)'s trade secrets, and respectfully refer the Court to the referenced document for a full and accurate statement of its contents, except deny the remaining allegations set forth in Paragraph 25 of the Petition.

26. Deny the allegations set forth in Paragraph 26 of the Petition.

27. Deny the allegations set forth in Paragraph 27 of the Petition.

## CAUSES OF ACTION

**COUNT ONE — Request for Declaratory Judgment**

28. Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

29.  Paragraph 29 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied.

30.  Paragraph 30 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied except to admit that Plaintiffs seek the relief set forth therein, and further aver that Plaintiffs are not entitled to the requested relief or any relief whatsoever from Defendants.

**COUNT TWO — Breach of Contract**

31.  Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

32.  Deny the allegations set forth in Paragraph 32 of the Petition.

33.  Deny the allegations set forth in Paragraph 33 of the Petition.

**COUNT THREE — Fraud**

34.  Restate and incorporate by reference the responses contained in all preceding paragraphs as if set forth here in full.

35.  Deny the allegations set forth in Paragraph 35 of the Petition.

36.  Deny the allegations set forth in Paragraph 36 of the Petition.

## ATTORNEYS' FEES

37.  Deny the allegations set forth in Paragraph 37 of the Petition, and further aver that Plaintiffs are not entitled to the requested relief or any relief whatsoever from Defendants.

## CONDITIONS PRECEDENT

38.  Deny the allegations set forth in Paragraph 38 of the Petition, and further aver that Plaintiffs are not entitled to the requested relief or any relief whatsoever from Defendants.

## REQUEST FOR DISCLOSURE

39. Paragraph 39 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denied so much as inconsistent with the Federal Rule of Civil Procedure, the Federal Rules of Evidence and this Court's Local Rules.

## PRAYER FOR RELIEF

With respect to Plaintiffs' prayer for relief, no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained after the WHEREFORE clause, aver that the "matter in controversy" is greater than $75,000, and further aver that Plaintiffs are not entitled to the requested relief or any relief whatsoever from Defendants.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over Defendant Robert Capelli.

2. Upon information and belief, "HTG Series" lacks standing to assert any claim hereunder because is a non-existent entity, thus this Court lacks subject matter jurisdiction over claims purportedly asserted by it.

3. The Petition fails to state a claim upon which relief may be granted.

4. Plaintiffs' declaratory judgment claim is preempted, in whole or in part, by the U.S. Copyright Act.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, release, consent, ratification, estoppel and excuse.

7. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are prosecuting their claims in bad faith and for an improper purpose.

8. Defendants allege that Plaintiffs have failed to state or establish facts sufficient to entitle it to a recovery of attorneys' fees and costs pursuant to any statute, rule, or regulation under Texas, Delaware, Nevada or Federal law.

9. The Petition, and/or each purported claim contained therein, is barred, in whole or in part, because such recovery against Defendants would result in unjust enrichment to Plaintiffs.

10. Plaintiffs have not suffered any compensable damages as a result of Defendants' actions.

11. Plaintiffs damages, if any, were not proximately caused by Defendants.

12. Plaintiffs damages, if any, were caused in whole or in part by the Plaintiffs' own acts, omissions, and/or negligent conduct.

13. To the extent that Plaintiffs suffered any damages, Plaintiffs failed to mitigate such damages.

14. Defendants raise each and every defense available to them under the applicable laws of the States of Delaware, Texas and Nevada. Defendants reserve the right to raise additional defenses.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing the Petition, with prejudice, granting Defendant Channel (H), Inc. the relief requested in its claims asserted in the related action against Plaintiffs filed in this Court, Case No. 4:17-cv-00916-O, and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated: November 21, 2017

Respectfully submitted,

By: /s/ Margaret Horton Apgar
MARGARET HORTON APGAR
THE APGAR FIRM, PLLC
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
margaret@apgarfirm.com

*Attorneys for Specially Appearing Defendants*

Of Counsel:
Brett E. Lewis
(*pro hac vice* forthcoming)
Justin Mercer
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com