# UNITED STATES DISTRCT COURT
# NORTHERN DISTRICT OF TEXAS
### FORTH WORTH DIVISION

CQUENTIA SERIES, LLC and
HTG SERIES, a series declared by
CQUENTIA SERIES, LLC

*Plaintiffs,*

v.

CHANNEL (H), INC. and
ROBERT CAPELLI,

*Defendants.*

Case No.: 4:17-cv-00919-A

State Court Cause No.: 348-295398-17

ORIGINAL

## DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ......................................................................................... iii

**PRELIMINARY STATEMENT** ................................................................................... 1

**ARGUMENT** ................................................................................................................ 2

    I.   PLAINTIFFS' MOTION FOR REMAND SHOULD BE DENIED BECAUSE
DIVERSITY JURISDICTION EXISTS ...................................................................... 2

        a.   Defendant Robert Capelli is a Citizen and Domiciliary of Massachusetts .................... 2

        b.   The Amount in Controversy Exceeds $75,000 Because Plaintiffs Have Sought
Attorneys' Fees Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code
as Well as Declaratory Relief ................................................................................... 3

            (i)   The Value of the Declaratory Relief Sought by Plaintiffs Exceeds $75,000 .............. 3

            (ii)    Plaintiffs' Attorneys' Fees Will Exceed $75,000 ................................................... 5

    II.   PLAINTIFFS' MOTION FOR REMAND SHOULD BE DENIED BECAUSE THIS
COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1338(a) BECAUSE THIS
ACTION ARISES UNDER THE COPYRIGHT ACT ............................................... 7

    III.   PLAINTIFFS' MOTION FOR REMAND SHOULD DE DENIED BECAUSE THIS
COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1454 BASED ON
DEFENDANTS' COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT ...................... 10

    IV.   PLAINTIFFS' REQUESTS FOR COSTS SHOULD BE DENIED ........................... 11

**CONCLUSION** ........................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Avitts v. Amoco Prod. Co.*, 53 F.3d 690 (5th Cir. 1995)................................................................. 9

Dow Agrosciences LLC v. Bates, 332 F.3d 323 (5th Cir. 2003)..................................................... 4

*Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987) ................................................................. 7

*Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002)..................................... 5

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ...................................... 2

*Hartman v. Bago Luna Collections, Inc.*, 2004 WL 377523 (W.D. Tex. Feb. 12, 2004)............... 8

*Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ...................... 5

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)....................................................... 11

*Moore v. Gladiator Events, LLC*, 2015 WL 5459625 (N.D. Tex. Sept. 15, 2015)........................ 5

*Needbasedapps, LLC v. Robins*, 926 F.Supp.2d 919, 927 (W.D. Tex. Feb. 20, 2013) ............. 4, 5

*Rangel v. Leviton Mfg. Co., Inc.*,  2012 WL 884909, *6 (W.D. Tex. Mar. 14, 2012)................... 4

*Richard v. Time Warner Cable Media, Inc.*, 960 F.Supp.2d 659 (N.D. Tex. 2013)...................... 6

*St. Paul Reinsurance Co., Ltd.,* v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998) .............. 4

*Steele v. DynCorp Intern., LLC*, 82 F.Supp.3d 699 (N.D. Tex. 2015) .......................................... 6

*Team Express Distributing LLC v. Junction Solutions, Inc.*, 2016 WL 3081020 at *2 (W.D. Tex.
   May 21, 2016)............................................................................................................................ 10

*Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 585 (S.D. Tex. 2011) ............... 7

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)..................................... 11, 12

*Van Steenberg v. Hageman*, 2015 WL 1509940 at *5 (W.D. Tex. Mar. 31, 2015) ..................... 10

*Ware v. Wells Fargo Bank, N.A.*, 116 F.Supp.3d 737 (N.D. Tex. 2015)....................................... 6

*West v. Roberts*, 2014 WL 12585657 (N.D. Tex. Mar. 13, 2014) .............................................. 8, 9

**Statutes**

28 U.S.C. § 1331................................................................................................................................ 2

28 U.S.C. § 1338(a) ...................................................................................................................... 2, 7

28 U.S.C. § 1447(c) ......................................................................................................................... 11

28 U.S.C. § 1454 ............................................................................................................. 2, 10, 11, 12

28 U.S.C. § 1653 ................................................................................................................................ 3

Defendants Channel (H), Inc. ("Channel H") and Robert Capelli ("Capelli") (collectively "Defendants"), by and through their undersigned counsel, hereby submit this brief in opposition to Plaintiffs' Motion to Remand (Doc. 18).

## PRELIMINARY STATEMENT

Plaintiffs' motion to remand should be denied in its entirety. As detailed in Defendants' notice of removal and as discussed below, jurisdiction in this Court is proper based on both diversity jurisdiction and subject matter jurisdiction.

First, a preponderance of the evidence demonstrates that diversity jurisdiction exists. As of the time that Defendants filed their notice of removal, Defendant Robert Capelli was a citizen and domiciliary of Massachusetts, not of California—as Plaintiffs alleged — and at present is a citizen and domiciliary of Massachusetts. Thus, the parties are completely diverse. Additionally, contrary to Plaintiffs' arguments, Defendants have demonstrated that the amount in controversy exceeds $75,000. Plaintiffs' state court petition explicitly states that they are seeking declaratory relief and attorneys' fees in addition to other monetary recovery which elevates the amount in controversy to an amount well over $75,000.

Second, Defendants have demonstrated that exclusive, federal subject matter jurisdiction exists because Plaintiffs' declaratory judgment action arises under the Copyright Act. Although Plaintiffs attempt to characterize their declaratory judgment action as being limited to an analysis of the parties' rights and obligations under the relevant agreements, Defendants have accused Plaintiffs of infringing their copyrighted software. In the Petition, Plaintiffs "deny any of the wrongdoing alleged in Channel (H)'s September 26, 2017 [demand] letter," which includes allegations of copyright infringement. *See* Appendix to Motion to Remand ("Remand App.") at 9-10; [Pet., ¶¶ 25, 27]. Plaintiffs also seek a declaration that, "the agreements referenced above do

1

not bar Plaintiffs from developing and implementing their own Preauthorization Software Solution free and clear of *any obligation* to Channel (H)." Remand App. at 10; [Pet., ¶ 30] (emphasis added). Because those agreements prohibit copyright infringement, the Court will have to determine whether Plaintiffs have violated one of the rights granted to copyright holders under the Copyright Act. Accordingly, the action arises under the Copyright Act and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

Third, even if the Court concludes that Plaintiffs' declaratory judgment action does not arise under the Copyright Act, 28 U.S.C. § 1454 provides that: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." 28 U.S.C. § 1454(a).

Finally, this Court should deny Plaintiffs' requests for attorneys' fees and costs. As demonstrated below, Defendants' removal to this Court was proper and there is no basis for remand. However, even if this Court were to remand this action to state court (which it should not), Defendants' removal to federal court was objectively reasonable at the time of removal and there is no basis for an award of attorneys' fees and costs to Plaintiffs.

## ARGUMENT

I. **PLAINTIFFS' MOTION FOR REMAND SHOULD BE DENIED BECAUSE DIVERSITY JURISDICTION EXISTS**

### a. **Defendant Robert Capelli is a Citizen and Domiciliary of Massachusetts**

Diversity jurisdiction depends on the state of things at the time the action is brought in federal court. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). At the time that Defendants filed their notice of removal to this Court, Defendant Robert Capelli was a citizen of Massachusetts, not California. *See* Appendix to Response to Motion to Remand

("Response App."); Declaration of Robert Capelli dated January 4, 2018 ("Capelli Decl."), ¶¶ 2-5; **Exhibits A, B**. Defendants did not, as Plaintiffs argue, admit that Robert Capelli is a domiciliary of California (*see* Doc. 18 at 12), and, in fact, expressly denied Plaintiffs' allegations that he is. *See* (Doc. 10 at 2); Answer, ¶ 5.

Pursuant to 28 U.S.C. § 1653, Defendants concurrently seek leave to file an amended notice of removal clarifying Defendant Robert Capelli's Massachusetts citizenship.[1]

### b. The Amount in Controversy Exceeds $75,000 Because Plaintiffs Have Sought Attorneys' Fees Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code as Well as Declaratory Relief

(i)    *The Value of the Declaratory Relief Sought by Plaintiffs Exceeds $75,000*

Plaintiffs' motion for remand relies heavily on the fact that Plaintiffs' state court petition states that the "amount in controversy is not greater than $75,000" and therefore the amount in controversy requirement is not satisfied. However, Plaintiffs seek *declaratory relief* worth in excess of $75,000, alone. Plaintiffs misconstrue and mis-characterize Defendants' argument in this regard. Defendants contend that the value of the declaratory relief sought by Plaintiffs exceeds

---

[1] Finally, Plaintiffs' claim that diversity is destroyed because one of the alleged members of Plaintiff "HTG Series" is a citizen of California should also not be considered because "HTG Series" does not exist. According to a review of publicly available documents and information, "HTG Series, a series declared by CQuentia Series, LLC" is a non-existent business entity or series. According to publically available information, no assumed name certificate pursuant to Tex. Bus. Orgs. Code § 71.101 has been or is filed with the State of Texas for "HTG Series." *See* Tex. Bus. & Com. Code §71.002(2)(H); *see also* Tex. H.B. No. 1624. Indeed, Plaintiffs do not allege as much in their petition or motion or declarations. Under Tex. Bus. & Com. Code §71.201, a person or party that has not filed an assumed name certificate lacks capacity to sue. *See* Tex. Bus. & Com. Code §71.201 ("the person may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate has been filed as required by this chapter"); *see also* Fed. R. Civ. P. 17(b). Thus, "HTG Series" could not and cannot maintain an affirmative action absent the filing of an assumed name certificate, only Plaintiff CQuentia Series, LLC's citizenship should be considered for diversity purposes. Since Plaintiff CQuentia Series, LLC has no individual members who are citizens of, nor a principal place of business in, Massachusetts or California, the parties are completely diverse.

$75,000, because the **value** of the preauthorization software solution underlying such relief exceeds $75,000. The Fifth Circuit applies the same standard. *See St. Paul Reinsurance Co., Ltd., v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) ("The amount in controversy, in an action for declaratory or injunctive relief, is the **value** of the right to be protected or the extent of the injury to be prevented.") (emphasis added); *Dow Agrosciences LLC v. Bates,* 332 F.3d 323 (5th Cir. 2003), (amount in controversy on declaratory judgment that plaintiff was not liable to farmers threatening to sue was damages claimed in demand letters); *Needbasedapps, LLC v. Robins*, 926 F.Supp.2d 919, 927 (W.D. Tex. Feb. 20, 2013) (quoting *Rangel v. Leviton Mfg. Co., Inc.*, 2012 WL 884909, *6 (W.D. Tex. Mar. 14, 2012) ("If a plaintiff seeks a declaration regarding liability, the potential liability is the amount in controversy.")).

Plaintiffs admit in their pleadings that they paid $150,000, from November 2016 through August 2017, to *license* the software solution and process that is at the heart of Plaintiffs' declaratory judgment claims. [Pet. ¶ 24]. In other words, Defendants' solution was worth at least $150,000 to Plaintiffs to *license* over a limited period of several months. Plaintiffs now assert that they developed their own purported preauthorization software solution, and seek a declaration that they *own* it, *outright*, *forever*. Ownership rights are unrestricted and are substantially more valuable than license rights. As such, the *value* of the declaratory relief sought by Defendants – i.e., **ownership** of an automated preauthorization software solution for use in administering Plaintiffs' genetic tests to outpatients – has to be worth more than the $150,000 in license fees paid by Plaintiffs over a period of months to license Defendants' solution, and easily exceeds $75,000. Indeed, Plaintiffs' contract with UCSD hospital, which relies on the use of an automated preauthorization software solution, alone, is worth $150 million, according to Plaintiffs' CEO. Capelli Decl. at Exhibit C.

4

*(ii)     Plaintiffs' Attorneys' Fees Will Exceed $75,000*

The Fifth Circuit has also made it clear that attorney's fees are includable when determining the amount in controversy for purposes of diversity jurisdiction when the state statute allowing cost shifting expressly defines the allowable expenses of litigation to include attorneys' fees, especially when the plaintiff expressly requests the recovery of costs. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002)(attorneys' fees allowable under state statute shall be included in calculating the amount in controversy); *see also Moore v. Gladiator Events, LLC*, 2015 WL 5459625 (N.D. Tex. Sept. 15, 2015) ("In determining the amount in controversy, the Court can consider items for which Gladiator can be liable under state law, including attorneys' fees, penalties, statutory damages, and punitive damages."); *Needbasedapps,* 926 F.Supp.2d at 929 (quoting *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy")) (internal citations omitted).

Here, Plaintiffs' state court petition seeks attorneys' fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, which allows a court to "award costs and reasonable and necessary attorney's fees as are equitable and just." In *Needbasedapps*, the court held that a request for attorneys' fees under Section 37.009 is included in the amount in controversy. *Needbasedapps,* 926 F.Supp.2d at 929. Therefore, when combined with the other relief requested by Plaintiffs, the amount in controversy will easily exceed $75,000.

Indeed, Defendants have litigated several motions (costing thousands of dollars in attorneys' fees) in the Related Action, which was filed in November. This case involves many of the same issues, and, given the Plaintiffs' no-holds-barred approach to litigation, Plaintiffs'

attorneys' fees, alone can easily be expected to exceed $75,000.[2] Given that Plaintiffs are seeking monetary relief of up to $75,000, it seems obvious that any amount of attorneys' fees sought by Plaintiffs would push the amount in controversy over $75,000.

The authority cited by Plaintiffs is distinguishable. In *Steele v. DynCorp Intern., LLC*, 82 F.Supp.3d 699 (N.D. Tex. 2015) the plaintiff's request for relief stated that he only sought "monetary relief of $75,000 or less, *including* damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees." *Id.* at 700 (emphasis added). Additionally, the plaintiff submitted an additional declaration as a part of its motion to remand to state court that he would not accept an award in excess of $75,000. *Id.* at 701. Therefore, the court determined that the amount in controversy did not exceed $75,000. In *Richard v. Time Warner Cable Media, Inc.*, 960 F.Supp.2d 659 (N.D. Tex. 2013), the plaintiff filed a declaration stating that he would not accept any judgment in excess of $74,000, inclusive of costs and attorneys' fees. *Id.* at 664. Finally, in *Ware v. Wells Fargo Bank, N.A.*, 116 F.Supp.3d 737 (N.D. Tex. 2015), the plaintiff filed a sworn declaration stating that she would limit her recovery to $74,000, inclusive of interests and costs. *Id.* at 741. In contrast, Plaintiffs have sought both "monetary relief of $75,000 or less" *and* pre-judgment and post judgment interest, costs of court, and attorneys' fees. *See* Remand App. at 13; at Prayer for Relief). Moreover, Plaintiffs have not filed any declarations limiting its total potential recovery to under $75,000.

Because Defendants have demonstrated that there is diversity of citizenship, and the amount in controversy exceeds $75,000, Plaintiffs' motion to remand should be denied.

---

[2] Plaintiffs have filed the Remand Motion, notwithstanding the fact that the parties' dispute clearly implicates copyright law. In the Related Action, Plaintiffs have filed a procedurally improper motion for sanctions, and served a second sanctions motion on Defendants, objections to preliminary injunction declarations and documentary evidence, and a motion for leave to file a sur-reply.

II.   **PLAINTIFFS' MOTION FOR REMAND SHOULD BE DENIED BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1338(a) BECAUSE THIS ACTION ARISES UNDER THE COPYRIGHT ACT**

A federal district court has exclusive original jurisdiction over civil actions which arise under congressional acts relating to copyrights. *See* 28 U.S.C. § 1338(a). In the Fifth Circuit, "an action 'arises under' the Copyright Act if…the complaint is for a remedy expressly granted by the Act…or asserts a claim requiring construction of the Act,…or, at the very least…presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987). Additionally, in the context of an action for declaratory judgment, the court analyzes whether, based on the allegations contained in the plaintiff's complaint, the defendant could file a coercive action arising under the Copyright Act. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 585 (S.D. Tex. 2011).

Although Plaintiffs attempt to characterize their declaratory judgment claim as being based on contractual rights, the judgment sought by Plaintiffs necessarily involves an inquiry into whether Plaintiffs have infringed Channel (H)'s copyrighted software. Indeed, Plaintiffs' petition concedes that Defendants have accused CQuentia of wrongfully using Channel (H)'s intellectual property to develop a competing product. (*See* November 14, 2017 Petition at 25). Additionally, the agreements underlying Plaintiffs' petition for declaratory relief expressly bar Plaintiffs from infringing Defendants' rights in copyright. *See* Channel (H) Cloud Data Services Terms of Service and Agreement, dated October 29, 2016 (the October 29, 2016 Agreement"), ¶¶ 20, 22); Software License and Network Service Agreement, dated January 17, 2017, ¶¶ 3, 6. Any determination that "(1) the agreements referenced above do not impose obligations on Plaintiff as Channel (H) contends; (2) that Plaintiffs have not breached the agreements above; and (3) that the agreements

referenced above do not bar Plaintiffs from developing and implementing their own Preauthorization Software Solution free and clear of any obligation to Channel (H)," (Remand App. at 10-11; [Pet., ¶ 30]), necessarily also implicates Defendants' rights in copyright.

In similar instances, courts have not hesitated to find that the claim arises under the Copyright Act and exercise federal jurisdiction. For example, in *Hartman v. Bago Luna Collections, Inc.*, 2004 WL 377523 (W.D. Tex. Feb. 12, 2004), the plaintiff alleged that the defendant hired the plaintiff to take photographic images for a catalog. The Plaintiff sent the defendant a contract, which stated that usage rights to the images were not released until full payment was received. The plaintiff's complaint alleged that, although the plaintiff never received full payment, the defendant used plaintiff's copyright images in its catalog. The Plaintiff brought claims for copyright infringement and breach of contract, and the defendant sought to dismiss the action on the grounds that the court lacked subject matter jurisdiction. Specifically, the defendant alleged that the action did not *arise* under the Copyright Act, and was based on a breach of contract. The court rejected the defendant's argument. The court found that the complaint asserted a claim for copyright infringement and sought remedies expressly granted by the Copyright Act, including injunctive relief and statutory damages. *Id.* at *3.

The authority relied on by Plaintiffs is inapposite here. In *West v. Roberts*, 2014 WL 12585657 (N.D. Tex. Mar. 13, 2014), the plaintiffs alleged that their former business partner began operating a competing business and that said business arose from the plaintiffs' misappropriated trade secrets. *Id.* at *1. The defendants removed to federal court claiming that plaintiffs' claims for breach of contract, declaratory judgment, tortious interference, misappropriation of trade secrets and conspiracy were preempted by the Copyright Act. *Id.* at *3. The court found that the plaintiffs' claims for breach of contract, tortious interference, misappropriation of trade secrets and

conspiracy did not assert any copyrighted software or computer codes, such that those claims fell outside of the scope of the Copyright Act. *Id.* Additionally, the plaintiffs' declaratory judgment claim was limited to the question of who *owned* the software at issue—not whether the software itself was in violation of any rights of the defendant. Specifically, the court noted that "the declaratory judgment claim does not in and of itself seek to protect any rights under the Copyright Act…neither Plaintiffs' nor [Defendants'] declaratory judgment actions seek a determination of rights protected by federal copyright, such as reproduction or distribution of copies or preparation of derivative works." *Id.* at *4. Therefore, the state claim for a declaratory judgment was not preempted by the Copyright Act and there was no basis for federal jurisdiction.

In contrast, in this case, Plaintiffs' declaratory judgment claim necessarily involves an evaluation of whether Plaintiffs' competing software product infringes and/or is a derivative work of Defendants' copyright-protected software, in violation of the United States Copyright Act. Plaintiffs have admitted that they filed their action for a declaratory judgment, precisely *because* they were accused of copyright infringement by the Defendants. Any grant of declaratory relief will require a ruling on whether Plaintiffs' purported Preauthorization Software Solution infringes on Defendants' Preauthorization Software Solution.

The other authority cited by Plaintiffs is also distinguishable. In *Avitts v. Amoco Prod. Co.*, 53 F.3d 690 (5th Cir. 1995), the plaintiffs filed an action in Texas state court to recover for alleged injuries caused by defendants' oil and gas activities. The case was removed to federal court on the basis that the complaint stated that the plaintiffs expected to receive damages based on defendants' violations of both state and federal law. However, no actual federal cause of action was stated in the complaint, and the Fifth Circuit held that the district court lacked jurisdiction. *Id.* at 693. In

contrast, Plaintiffs' request for a declaratory judgment necessarily raises issues involving the federal Copyright Act and whether Plaintiffs have infringed Defendants' copyrighted software.

Because this Court will have to determine whether Plaintiffs have violated "rights protected by federal copyright", Plaintiffs' declaratory judgment arises under the Copyright Act, and Plaintiffs' motion for remand should be denied.

**III.    PLAINTIFFS' MOTION FOR REMAND SHOULD DE DENIED BECAUSE THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1454 BASED ON DEFENDANTS' COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT**

28 U.S.C. § 1454 grants federal courts jurisdiction over "[a] civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to…copyrights." 28 U.S.C. § 1454(a)(emphasis added). "Under Section 1454, a defendant asserting a copyright counterclaim is clearly permitted to remove the action to federal court." *Van Steenberg v. Hageman*, 2015 WL 1509940 at *5 (W.D. Tex. Mar. 31, 2015). In *Van Steenberg*, the defendants asserted a counterclaim for copyright infringement on the basis that the defendants owned copyrights in particular images that were being infringed by the plaintiffs' copying, producing, distributing, using and sharing those images to generate business. *Id.*  Because the court would need to determine whether any of the alleged actions violated any of the exclusive rights of a copyright owned as provided for in the Copyright Act, the counterclaim "arose" under the Copyright Act and the defendants were entitled to remove the action to federal court under Section 1454. *Id; see also Team Express Distributing LLC v. Junction Solutions, Inc.*, 2016 WL 3081020 at *2 (W.D. Tex. May 21, 2016) (finding a basis for jurisdiction under Section 1454 when the defendant alleged that the plaintiff was using its copyrighted software without authorization and sought an order permanently enjoining the plaintiff from continued infringement).

10

Here, the Notice of Removal references a claim for relief under the United States Copyright Act, filed in a related action pending in the United States District Court for the Northern District of Texas, Civ. Case No. 4:17-cv-00916-O (the "Related Action"). Defendants anticipated that this action would be consolidated with the Related Action, and, as such, did not initially assert identical copyright infringement claims in this action in the interests of judicial economy. In light of Plaintiffs' motion for remand, however, concurrently with the filing of this Opposition to Plaintiffs' Motion to Remand, Defendants have requested leave to amend their Answer to assert a counterclaim based on Plaintiffs' infringement of its copyrighted software.

Accordingly, federal jurisdiction exists pursuant to Section 1454(a) and Plaintiffs' motion for remand should be denied.

## IV.   PLAINTIFFS' REQUESTS FOR COSTS SHOULD BE DENIED

As discussed above, Plaintiffs have not demonstrated that remand to state court is warranted in this action. However, even if this Court were to grant Plaintiffs' motion to remand (which it should not), the Court should deny Plaintiffs' requests for attorneys' fees associated with its motion.

In order to warrant an award under 28 U.S.C. § 1447(c), the removing party must have "lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Fifth Circuit has held that, "[t]he fact that removal is deemed improper does not give the movant an automatic right to attorneys' fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Moreover, the court does not consider the defendant's motive for removal, but only the objective merits of its case at the time of removal. *Id.* at 292. For example, in *Valdes*, the Fifth Circuit upheld the district court's decision to decline an award of attorneys' fees even though the defendant's removal to federal court was later deemed

11

improper. At the time of removal, the defendant believed that plaintiff had fraudulently joined a store manager in order to defeat diversity jurisdiction and its position was reasonable based on the existing case law. *Id.* at 293. Therefore, an award of attorneys' fees and costs based on the improper removal was not warranted.

Similarly, even if this Court were to find that removal to federal court was improper, Defendants reasonably believed that federal jurisdiction existed based on 1) the diversity of the parties; 2) the actual amount in controversy; 3) the nature of Plaintiffs' claims, which implicate rights arising under copyright; and (4) Defendants' right to remove cases involving rights sounding in copyright, pursuant to 28 U.S.C. § 1454. Therefore, Defendants' removal to this Court was reasonable at the time of removal and Plaintiffs are not entitled to an award of attorneys' fees and costs.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court deny Plaintiffs' motion to remand.

Dated: January 4, 2018

Respectfully submitted,

By: *[signature]*
MARGARET HORTON APGAR
THE APGAR FIRM, PLLC
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
margaret@apgarfirm.com

*Attorneys for Specially Appearing Defendants*

Of Counsel:
Brett E. Lewis
(*pro hac vice* forthcoming)
Justin Mercer
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com

13