ORIGINAL

**UNITED STATES DISTRCT COURT**
**NORTHERN DISTRICT OF TEXAS**
FORTH WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2018 FEB -1  PM 2: 10

CLERK OF COURT

| | |
|---|---|
| CQUENTIA SERIES, LLC and<br>HTG SERIES, a series declared by<br>CQUENTIA SERIES, LLC<br><br>               *Plaintiffs*,<br><br>   v.<br><br>CHANNEL (H), INC. and<br>ROBERT CAPELLI,<br><br>               *Defendants*. | Case No.: 4:17-cv-00919-A<br><br>State Court Cause No.: 348-295398-17<br><br>**DEFENDANTS' REPLY**<br>**MEMORANDUM OF LAW IN**<br>**FURTHER SUPPORT OF REQUEST**<br>**FOR LEAVE TO AMEND ANSWER** |

## INTRODUCTION

The dispute at issue has *always* been about copyright infringement.  This dispute was about copyright infringement when plaintiffs illegally copied Channel (H)'s software, and it was about copyright infringement when Channel (H) threatened plaintiffs with suit for copyright infringement – by demand letter, two days *before* plaintiffs filed suit in Texas state court.  That suit was a bad faith attempt to deprive the true plaintiff in this action of its choice of forum in federal court.  Plaintiffs have attempted to game the system to deny Channel (H) its choice of jurisdiction in federal court, proliferated wasteful litigation, and refused to agree to simple requests for leave to amend.

The only issue before the Court on this motion is whether defendants should be granted leave to amend their Answer in this action, to assert a counterclaim for copyright infringement.  The governing rule is clear: leave to amend is to be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Here, this motion was brought early in the case and will not prejudice plaintiffs, who were placed on notice of Channel (H)'s intention to file claims sounding in copyright infringement on September 26, 2017 – *before* plaintiffs anticipatorily filed their

1

Petition in state court.  Further, plaintiffs were on notice that Channel (H), in fact, asserted a cause of action for copyright infringement in federal court on November 14, 2017, which cause of action plaintiffs have already answered.

Plaintiffs do not assert that the proposed amendment would prejudice them; cause undue delay; or is rooted in bad faith or dilatory motive.  Instead they argue that the amendment is *futile*, based on several arguments that echo their motion to remand but disregard the standard for futility, which assesses whether a counterclaim is plausible on its face.  Under this test, the issues raised by plaintiffs concerning removal and federal court jurisdiction are wholly irrelevant.

Even if, however, plaintiffs' removal arguments were relevant to the standard for whether amending an answer would be futile, they are plainly incorrect.  They ignore black letter law that provides a statutory basis for this Court's exclusive exercise of original jurisdiction over the entire action. *See* 28 U.S.C. § 1454(a); 28 U.S.C. § 1338(a).  They also misrepresent the facts of the case and ignore precedent from this Circuit, where courts have found that copyright counterclaims "arise under" the Copyright Act, under similar circumstances.

## ARGUMENT

### I. THE PROPOSED AMENDMENT MEETS THE STANDARD FOR LEAVE TO AMEND

Rule 15(a)(2) states that a party may amend its pleading with the court's leave, which should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2).  Courts in this circuit reason that "[b]ecause Rule 15(a) evinces a bias in favor of granting leave to amend [ . . . ] a district court, "must possess a substantial reason to deny a request for leave to amend." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir.2004) (internal quotation marks omitted) (citing *Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 608 (5th Cir.1998)).

Following Supreme Court precedent, the Fifth Circuit uses five factors in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

In this case, justice requires that this amendment be permitted. Defendants have not delayed in making the motion, nor is there any suggestion of bad faith or dilatory motive. This is defendants' first amendment, and it would not cause undue prejudice to the opposing party, which was on notice of defendants' intention to bring copyright claims. Plaintiffs argue that the amendment would be futile, but completely ignore the governing standard for futility, and, instead, focus on the irrelevant issue of *removability*. And even if plaintiffs' contentions on these issues were procedurally appropriate for consideration, they are meritless.

### a. The proposed amendment is not futile, and plaintiffs have not presented any arguments as to why it would be.

Courts consider an amendment to be futile "if it could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.,* 620 F.3d 465, 468 (5th Cir. 2010); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("[T]o determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)") (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

Wholly ignoring this standard, plaintiffs present a number of arguments about why the present motion, "is a futile attempt to cure the jurisdictional defects." Opp. Br. at 6. But plaintiffs' arguments are all beside the point, because the standard for futility is whether the

3

proposed claim to relief is *plausible on its face*.  Plaintiffs do not even *allege* that the proposed amendments are prima facie implausible.  Instead, plaintiffs focus their brief on issues that are completely irrelevant to the Courts' analysis of whether to grant leave to amend.

### b.  Plaintiffs' assertion that their complaint "does not involve a claim for copyright infringement" is completely irrelevant.

Plaintiffs use their opposition papers primarily to rehash arguments made in their Remand motion and Reply in support thereof.  Namely, plaintiffs insist, repeatedly, that their state court claims do not raise a justiciable issue under the U.S. Copyright Act. 17 U.S.C. § 101 *et seq*.  Yet, the issue whether this Court has jurisdiction over this action, based on plaintiffs' state court pleading, is not before the Court on this motion.  Plaintiffs fail to explain how any of their arguments are even *relevant* to the Court's determination on defendants' motion to amend its Answer. *See* Opp. Br. at 6.

Rather, Plaintiffs' argument boils down to the claim that the allegations of the counterclaim are futile *because* they are inconsistent with the allegations of the state court petition – i.e., Channel (H) cannot assert a counterclaim for copyright infringement because plaintiffs allegedly did not assert a copyright claim, themselves. Opp. Br. at 7 ("Plaintiffs' only seek a declaration as to whether they are permitted under the Agreements to independently develop their own, different preauthorization solution. As such, Plaintiffs' right to relief does not depend upon resolution of a substantial question of copyright law.").  This makes no sense – again, defendants are seeking leave to amend *their* Answer to plead a counterclaim for copyright infringement.  Whether or not plaintiffs' pleadings raise an issue under the Copyright Act – they do – has no bearing on whether defendants have pleaded a plausible counterclaim for copyright infringement.

4

### c.  Plaintiffs' reliance on the well-pleaded complaint rule is misplaced.

Plaintiffs next contend, relying on the well-pleaded complaint rule, that granting leave to amend would be "futile," since, "Defendants' proposed defenses and counterclaims cannot establish federal question jurisdiction." Opp. Br. at 7.  As a preliminary matter, the well-pleaded complaint rule has no relevance to the Court's determination on a motion to amend pleadings pursuant to Rule 15(a)(2).  As stated above, the only inquiry before the Court on this motion is whether the proposed amendment states a plausible claim for copyright infringement.

Even if the well-pleaded complaint rule somehow applied to this motion, however, the well-pleaded complaint rule has been abrogated by statute in cases involving counterclaims for copyright infringement. *See* 28 U.S.C. § 1454(a).  Despite the fact that defendants cited 28 U.S.C. § 1454 in their moving papers, plaintiffs simply pretend that the statute does not exist.

Flagrantly ignoring black letter law, plaintiffs rely on a body of case law, including *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* that has been unambiguously abrogated by statute insofar as it relates to copyright claims.  Specifically, H.R. REP. 109-407 (2006) altered 28 U.S.C. § 1338 to mandate that, "[n]o State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."  Since then, courts have followed Congress' directive and recognized that, "a defendant asserting a copyright counterclaim is clearly permitted to remove the action to federal court." *See Van Steenburg v. Hageman,* 2015 WL 1509940, at *5 (W.D. Tex. Mar. 31, 2015).  After the so-called '*Holmes Group* fix,' under § 1454, "a defendant with a patent or copyright counterclaim is no longer bound by a plaintiff's well-pleaded state law complaint to litigate in state court." *Donahue v. Tokyo Electron America, Inc.,* 42 F. Supp. 3d 829, 834 (W.D. Tex. 2014).

5

Of course, such allegations still must "arise under" the Copyright Act to be removable pursuant to § 1454. But to determine if the counterclaims asserted arise under the Copyright Act, courts no longer look to the Plaintiff's well-pleaded complaint; they look to the Defendants' counterclaim itself. *See Van Steenburg*, 2015 WL 1509940, at *5 ("An action arises under the Copyright Act if the complaint is for a remedy expressly granted by the Act or asserts a claim requiring construction of the Act [. . .] *Defendants* claim that..."). And in the present case, the amended counterclaim clearly and adequately pleads a claim for infringement in violation of the Copyright Act, and thus removal is appropriate. In a last-ditch attempt to protect their efforts at forum-shopping, plaintiffs attempt to contest this removal by side-stepping the Rule 15(a) standard for amendment and arguing for an application of the well-pleaded complaint rule which has clearly been abrogated by statute.

Indeed, in numerous cases just like this one – involving a technology contract setting out the parties' rights and obligations for the creation and maintenance of software – courts have found that copyright counterclaims to a putatively 'contract-only' state court complaint actually "arise under" the Copyright Act. *Van Steenburg*, 2015 WL 1509940, at *5 (where engineer brought breach of contract and fraud suit, defendant's counterclaim alleging infringement was found to arise under the Copyright Act because the court was tasked with determining whether a violation occurred); *see also Hartman v. Bago Luna Collections, Inc.*, 2004 WL 377523 (W.D. Tex. Feb. 12, 2004) (dispute over a contract between a catalog and a professional photographer, where the catalog had allegedly published the pictures in violation of the contract, was found to "arise under" Copyright Act); *Team Express Distributing LLC v. Junction Solutions, Inc.*, 2016 WL 3081020 at *2 (W.D. Tex. May 21, 2016) (finding counterclaim to "arise under" Copyright Act where the defendant alleged that the plaintiff was using its copyrighted software without

6

authorization and sought an order permanently enjoining the plaintiff from continued infringement).

### d. Channel (H)'s parallel federal lawsuit has no bearing on the pending motion.

Plaintiffs next argue that this Court should deny defendants' motion to amend the Answer for another completely irrelevant reason: "[b]ecause the Defendants are the plaintiffs in the Federal Lawsuit, Defendants' Complaint in that case cannot be used to establish subject matter jurisdiction in this case." Opp. Br. at 9. Once again, the pending motion is expressly **not** predicated on the Court making a ruling that the Complaint in the Federal Lawsuit provides the basis for this Court's exercise of subject matter jurisdiction in this case. The only issue here is whether the proffered counterclaim is plausible *on its* face. The referenced pleadings in a parallel lawsuit have no bearing on the Court's analysis of the pending motion.

## II.   DEFENDANTS' MOTION TO ADD A COPYRIGHT CLAIM IS TIMELY.

Plaintiffs claim that Defendants' motion to amend should be denied as "untimely", because Defendants are attempting to remove under § 1454, *and* under § 1454, "a party must have asserted a claim in the state court action, i.e. prior to removal." Opp. at 10. This appears nowhere in the statute and is a gross misstatement of the law.

First, Defendants moved to amend the Answer to add a counterclaim for copyright infringement, after it became apparent that plaintiffs intended to contest the Removal Notice and this Court's jurisdiction. Second, Rule 15(a)(2) clearly anticipates that parties may seek leave of court to amend pleadings, not amended within the time allotted to amend as of right, at any time before trial and leave to amend is freely granted. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave"); *compare* Fed. R. Civ. P. 15(b) ("Amendments During and After Trial.").

Third, courts allow amendment of pleadings to assert claims under the Copyright Act, before and ***after*** removal. *See, e.g., Team Express Distrib. LLC*, 2016 WL 3081020, at *1–2

(granting post removal amendment of answer to assert counterclaim for copyright infringement and vacating order directing remand to state court after finding subject matter jurisdiction under Section 1454); *Madison Cty. v. Warnock*, 2016 WL 5173396, at *2 (S.D. Miss. Sept. 21, 2016) ("Where a defendant's counterclaims are asserted **after removal** and arise under the Copyright Act, federal courts have jurisdiction over the counterclaims.") (emphasis added; internal quotations and citations omitted).  This result makes sense, as the intent of § 1454 is clearly to provide federal courts with jurisdiction over actions in which a defendant asserts a counterclaim for copyright infringement, and such claims cannot be litigated in state court.

The case relied on by plaintiffs is inapposite. In *XIP LLC v. Commtech Sales LLC*, the court emphatically noted that the so-called copyright claim which the defendants sought to add was actually "a request for a declaratory judgment that there is *no copyright claim infringement in this action*." 2015 WL 6724933, at *5 (N.D. Tex. Nov. 3, 2015) (emphasis in original).  In other words, it could not be further from the facts of this case or less probative. Moreover, *XIP LLC* involved an attempt to amend an answer to assert a copyright claim two years into a litigation in state court. *See id.*  In the case at bar, no activity occurred in state court between the filing of the petition on September 28, 2017 and November 15, 2017 (when the first notice of removal was filed). Moreover, the Answer was filed (in federal court) just over two months ago [Doc. 10], and plaintiffs have been on notice of defendants' copyright infringement claims since September 26, 2017, before their Complaint was even filed. *See* [Doc. 11] at 40-41.

Similarly, plaintiffs argue that defendants' motion to amend should be denied, because "Defendants did not move to add their copyright counterclaim within thirty days of the copyright officially being issued," within the time frame allotted by § 1446(b). Opp. at 10. Plaintiffs mangle the facts, as Channel (H)'s copyright has not yet been registered or "officially issued".

8

However, this is of no consequence because Section 1446 provides for amendment, both within and *after* the thirty-day period. *See* 28 U.S.C. § 1446(b)(3).  As the request for leave to amend is not unduly late, in bad faith or dilatory, prejudicial or futile to the added claim, leave should be granted.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that this Court grant their motion to amend.

Dated: February 1, 2018

Respectfully submitted,

By: _____
MARGARET HORTON APGAR
THE APGAR FIRM, PLLC
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
margaret@apgarfirm.com

*Attorneys for Specially Appearing Defendants*

Of Counsel:
Brett E. Lewis
(*pro hac vice* forthcoming)
Justin Mercer
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I served the following attorneys of record in accordance with the Federal Rules of Civil Procedure, including via email and electronic service:

Rafael C. Rodriguez
rrodriguez@winstead.com
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8200
Facsimile: (817) 420-8201

Bill Warren
bill.warren@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

MARGARET HORTON APGAR