

UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| **CQUENTIA SERIES, LLC** and **HTG SERIES**, a series declared by **CQUENTIA SERIES, LLC**<br><br>*Plaintiffs,*<br><br>v.<br><br>**CHANNEL (H), INC.** and **ROBERT CAPELLI,**<br><br>*Defendants.* | Case No.: 4:17-cv-00919-A<br><br>State Court Cause No.: 348-295398-17 |

### AMENDED NOTICE OF REMOVAL

Defendants CHANNEL (H), INC. and ROBERT CAPELLI ("Defendants"), by and through their undersigned counsel, hereby file their Amended Notice of Removal amending their Notice of Removal filed on November 14, 2017 ("Original Notice of Removal")[1], and give notice that the above action has been removed from the 348th Judicial District, in the District Court of the State of Texas, in and for the County of Tarrant, in which Court said cause was pending, to the United States District Court for the Northern District of Texas, without waiving any objections to personal jurisdiction, service of process, or the sufficiency of service of process.

IN SUPPORT THEREOF, DEFENDANTS state as follows:

1. This action arises under and presents substantial questions of federal law under the Copyright Act, 17 U.S.C. § 101 *et seq.*[2]

---

[1] *See* Docs. 1 and 11. Defendants incorporate by reference herein ECF Documents 1 and 11 and all documents and exhibits filed under ECF Documents 1 and 11.

[2] A federal court action for copyright infringement and other claims was filed by defendant Channel (H), Inc. against these plaintiffs on November 14, 2017, in the matter entitled *Channel (H), Inc. v. CQuentia Series, LLC, HTG Series, a series declared by CQuentia Series, LLC, and Alan Meeker*, United States District Court for the Northern District of Texas, Case No. 4:17-cv-

2. Removal of this cause is proper under 28 U.S.C. §§ 1331, 1338, 1367, 1400(a), 1441(b) and (c), and 1454. Moreover, under 28 U.S.C. § 1338(a), such federal court jurisdiction in copyright cases is exclusive of the state courts.

3. Of the above bases, this cause is specifically removable under 28 U.S.C. § 1441(c) because it includes a claim arising under the laws of the United States, namely a declaration that Plaintiffs are not infringing computer software that is protected by the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, and because the Court has both original jurisdiction and exclusive jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367.

4. Additionally, defendant Channel (H), Inc. has asserted a claim for relief under the Copyright Act against these plaintiffs on November 14, 2017, in the matter entitled *Channel (H), Inc. v. CQuentia Series, LLC, HTG Series, a series declared by CQuentia Series, LLC, and D. Alan Meeker*, United States District Court for the Northern District of Texas, Case No. 4:17-cv-00916-O ("Channel (H) Federal Action"). On or about January 19, 2018, these plaintiffs answered the complaint in the Channel (H) Federal Action. Similarly, Defendants have sought leave to amend their Answer herein to assert a counterclaim of copyright infringement. *See* [Doc 20]. Thus, removal is proper under 28 U.S.C. § 1454(a).

## BASIS OF REMOVAL

5. On November 14, 2017, Channel (H) brought an action in this Court for copyright infringement in violation of the Copyright Act, misappropriation of trade secrets in violation of the Delaware Uniform Trade Secrets Act ("DeUTSA"), 6 *Del. C.* §. 2001 *et seq.* and Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836; and, inter alia, unfair competition and tortious interference, all arising out of Plaintiffs' unlawful theft of Channel (H)'s healthcare data

---

00916-O, all of which involves the same copyrighted computer software, and arises out of the exact same set of facts.

technology, software and interface (the "Channel (H) Federal Action"). A copy of the complaint in the Channel (H) Federal Action was attached to the Original Notice of Removal as **Exhibit A** and is incorporated herein. *See* [Doc 11].

6. In the Channel (H) Federal Action, Channel (H) alleges that Plaintiffs gained access to confidential and trade secret information of Channel (H) under the guise of making an investment in Channel (H), after Plaintiffs entered into various software license agreements. Notwithstanding the fact that the copyright and trade secret information were subject to those various licenses, non-disclosure, non-compete, and non-circumvention agreements, Plaintiffs blatantly stole Channel (H)'s extremely valuable trade secrets and software to create the own copycat software, and have threatened retribution if Channel (H) takes legal action to enforce its rights.

7. Prior to filing suit in this Court, on or about September 26, 2017, counsel for Channel (H) sent Plaintiffs a cease-and-desist letter entitled "*Breach of Channel (H) Agreements, Theft of Trade Secrets, Copyright Infringement*," informing Plaintiffs that Channel (H) would bring a lawsuit for, inter alia, copyright infringement if Plaintiffs did not cease using Channel (H)'s copyrighted computer software and trade secret information within 48 hours, i.e. by September 28. 2017.

8. According to the public docket for the 348th Judicial District, in the District Court of the State of Texas, in and for the County of Tarrant, Plaintiffs filed the instant cause by petition dated September 28, 2017 (The "CQ State Court Action"). A copy of the petition in the CQ State Court Action was attached to the Original Notice of Removal as **Exhibit B** and is incorporated herein. *See* [Doc 11]. The CQ State Court Action includes three claims: declaratory judgment, breach of contract and fraud. Attached to the Original Notice of Removal as **Exhibit C** and incorporated

herein is a copy of the docket sheet in the CQ State Court Action as of November 14, 2017, including an index of all documents filed in the CQ State Court Action, indicating the date the document was filed. *See* [Doc 11].

9. Defendant Channel (H) received a copy of the petition in the CQ State Court Action on or about November 7, 2017 in the mail. According to the summons attached thereto, Plaintiffs purportedly served the Texas Secretary of State with a copy of the petition in the CQ State Court Action on or about October 16, 2017.

10. The CQ State Court Action involves the same computer software and arises out of the same facts as the Channel (H) Federal Action. The CQ State Court Action relies upon the claims threatened in the September 26th cease and desist letter, and that were asserted in the Channel (H) Federal Action. The CQ State Court Action also admits the fact that Channel (H) threatened to assert these claims, including copyright infringement, in a lawsuit – a suit that could only be brought in federal court. *See* [Doc 11]; Exhibit B to the Original Notice of Removal at ¶ 25. Indeed, in the CQ State Court Action, Plaintiffs seek a declaratory judgment that Plaintiffs are not barred from "developing and implementing their own Preauthorization Software Solution free and clear of any obligation to Channel (H)" precisely because "Defendant's counsel sent CQuentia a letter accusing CQuentia of wrongfully using Channel (H)'s intellectual property and 'secret sauce' to develop an alternative preauthorization software solution." *See* [Doc 11]; Exhibit B to the Original Notice of Removal at ¶¶ 25, 30.

11. A federal district court has exclusive original jurisdiction over civil actions which arise under congressional acts relating to copyrights. *See* 28 U.S.C. § 1338(a). In the Fifth Circuit, "an action 'arises under' the Copyright Act if…the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act, . . . or, at the very least . . . presents

a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Goodman v. Lee*, 815 F.2d 1030, 1031 (5th Cir. 1987). Additionally, in the context of an action for declaratory judgment, the court analyzes whether, based on the allegations contained in the plaintiff's complaint, the defendant could file a coercive action arising under the Copyright Act. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 823 F.Supp.2d 578, 585 (S.D. Tex. 2011).

12. Although Plaintiffs attempt to characterize their declaratory judgment claim as being based on contractual rights, the judgment sought by Plaintiffs necessarily involves an inquiry into whether Plaintiffs have infringed Channel (H)'s copyrighted software. Indeed, Plaintiffs' petition concedes that Defendants have accused CQuentia of wrongfully using Channel (H)'s intellectual property to develop a competing product. (*See* November 14, 2017 Petition at 25). Additionally, the agreements underlying Plaintiffs' petition for declaratory relief expressly bar Plaintiffs from infringing Defendants' rights in copyright. *See* Channel (H) Cloud Data Services Terms of Service and Agreement, dated October 29, 2016 (the October 29, 2016 Agreement"), ¶¶ 20, 22); Software License and Network Service Agreement, dated January 17, 2017, ¶¶ 3, 6. Any determination that "(1) the agreements referenced above do not impose obligations on Plaintiff as Channel (H) contends; (2) that Plaintiffs have not breached the agreements above; and (3) that the agreements referenced above do not bar Plaintiffs from developing and implementing their own Preauthorization Software Solution free and clear of any obligation to Channel (H)," (Remand App. at 10-11; [Pet., ¶ 30]), necessarily also implicates Defendants' rights in copyright.

13. Furthermore, 28 U.S.C. § 1454 grants federal courts jurisdiction over "[a] civil action in which *any party* asserts a claim for relief arising under any Act of Congress relating to…copyrights." 28 U.S.C. § 1454(a)(emphasis added). "Under Section 1454, a defendant

asserting a copyright counterclaim is clearly permitted to remove the action to federal court." *Van Steenberg v. Hageman*, 2015 WL 1509940 at *5 (W.D. Tex. Mar. 31, 2015).

14. Here, the Original Notice of Removal references a claim for relief under the United States Copyright Act, filed in a related action pending in the United States District Court for the Northern District of Texas, Civ. Case No. 4:17-cv-00916-O (the "Channel (H) Federal Action"). Defendants originally anticipated that this action would be consolidated with the Channel (H) Federal Action, in the interests of judicial economy. However, In light of Plaintiffs' motion for remand, on January 4, 2018, Defendants requested leave to amend their Answer to assert a counterclaim based on Plaintiffs' infringement of its copyrighted software. *See* [Doc 20]. Courts allow amendment of pleadings to assert claims under the Copyright Act *after* removal. *See, e.g., Team Express Distrib. LLC*, 2016 WL 3081020, at *1–2 (granting post removal amendment of answer to assert counterclaim for copyright infringement and vacating order directing remand to state court after finding subject matter jurisdiction under Section 1454); *Madison Cty. v. Warnock*, 2016 WL 5173396, at *2 (S.D. Miss. Sept. 21, 2016) ("Where a defendant's counterclaims are asserted after removal and arise under the Copyright Act, federal courts have jurisdiction over the counterclaims.") (emphasis added; internal quotations and citations omitted).

15. Therefore, pursuant to 28 U.S.C. §§ 1441(c) and/or 1454, removal to this Court is proper.

16. Furthermore, this Court also has original jurisdiction under 28 U.S.C. §1332, and this case is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(b), as this is a civil action between citizens of different states and the matter in controversy is in excess of $75,000, exclusive of interests and costs. Defendant Channel (H), Inc. is a Delaware corporation

with a principal place of business in Essex County, Massachusetts. Robert Capelli is an individual domiciled in Amesbury, Massachusetts. *See* Declaration of Robert Capelli ("Capelli Decl."), ¶¶ 2-4.

17. There is complete diversity of citizenship between plaintiffs and defendants. CQuentia Series, LLC ("CQ") is a Texas series limited liability company with a principal place of business in Fort Worth, Texas. *See also* [Doc 19-1]; Exhibit D-1 at 19-20. On or about October 10, 2017, CQ filed a Certificate of Amendment with the Texas Secretary of State, amending its Certificate of Formation to change its name to "Total Diagnostix Labs, LLC."

18. The following table, which is based on publicly available information, as well as evidence submitted and admitted by plaintiffs, identifies CQ's members, each member of CQ's members, and the domicile of each natural person member of the members of CQ's members as of November 14, 2017:

| CQ Members | Members of CQ Members | Domicile of Natural Person Members of CQ Members |
|---|---|---|
| Axis Global, LLC | Daniel H. Meeker, as Trustee of the David Alan Meeker Family Irrevocable Trust[3] | Fort Worth, Texas |
| J8 Medical, LLC | Kevin Jones | Germantown, Tennessee |
| Paro Holdings, LLC | Ross Eichberg | Fort Worth, Texas |
| JEJM LLC | Lenora Cheatham Collins Pope | Aledo, Texas |
| Blessings Unlimited, LLC | Sandra Fleming Alcorn | Benbrook, Texas |
| Phoenician Capital Investors, LLC | Stephen Mallick | Fort Worth, Texas |

*See also* [Doc 19-1]; Exhibit D-1 at 19-20; Declaration of Margaret Horton Apgar dated February 6, 2018 filed herewith ("Apgar Decl.") at Exhibits A-F.

---

[3] According to publicly available information, the sole beneficiaries of the David Alan Meeker Family Irrevocable Trust are D. Alan Meeker's two minor sons, who both are domiciled in Fort Worth, Texas. *See* Apgar Decl. at Exhibit A.

19. According to a review of publicly available documents and information, "HTG Series, a series declared by CQuentia Series, LLC" is a non-existent business entity or series. *See* Apgar Decl. at Exhibit G. No assumed name certificate pursuant to Tex. Bus. Orgs. Code § 71.101 has been or is filed with the State of Texas for "HTG Series." *See id.*; *see also* Tex. Bus. & Com. Code §71.002(2)(H); *see also* Tex. H.B. No. 1624. Plaintiffs contend that "HTG Series" is a validly-formed entity, but have presented no evidence of such. Under Tex. Bus. & Com. Code §71.201, a person or party that has not filed an assumed name certificate lacks capacity to sue. *See* Tex. Bus. & Com. Code §71.201 ("the person may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate has been filed as required by this chapter"); *see also* Fed. R. Civ. P. 17(b). As "HTG Series" could not and cannot maintain an affirmative action absent the filing of an assumed name certificate, only plaintiff CQuentia Series, LLC's citizenship should be considered for diversity purposes—as CQ used the name "HTG Series" in connection with a contract that underlies at least one of plaintiffs' claims herein. Since plaintiff CQuentia Series, LLC has no members who are citizens of Massachusetts or Delaware, the parties are completely diverse.

20. Even assuming, as plaintiffs contend, that "HTG Series, a series declared by CQuentia Series, LLC," is a properly-formed entity, (*See* [Doc 19-1]; Exhibit D-1 at 19-20), complete diversity still exists. The following table identifies HTG's purported members, each member of HTG's purported members and the domicile of each natural person member of the members of HTG's purported members as of November 14, 2017:

| HTG Members | Members of HTG Members | Domicile of Natural Person Members of HTG Members | Domicile of Natural Person Members of Members of HTG Members |
|---|---|---|---|

| Total Diagnostix Labs, LLC f/k/a CQuentia Series, LLC | *See table above* | N/A | *See table above* (note: CQ's members are only limited liability companies whose members are natural persons identified above) |
|---|---|---|---|
| HTG LLC | Bernardo Barajas | San Diego, California | N/A |

*See also* [Doc 19-1]; Exhibit D-1 at 19-20; Apgar Decl. at Exhibits G and H.

21. Thus, to the extent that "HTG Series" exists, HTG's members are citizens of Tennessee, Texas, and California—not Massachusetts or Delaware. As such, complete diversity exists between Plaintiffs and Defendants. *See* 28 U.S.C. §§ 1332 and 1441(b).

22. As to the amount in controversy, Plaintiffs' purported monetary damages, in addition to their request for non-monetary relief, will exceed $75,000. *See* Exhibit B to the Original Notice of Removal at ¶¶ 6, 31, 33, 36 and "Prayer for Relief".

23. In the CQ State Court Action, Plaintiffs claim that "the matter in controversy is *not* greater than $75,000." *See* Exhibit B to the Original Notice of Removal at ¶ 6. (emphasis added). This statement appears to be an attempt to avoid litigating the matter in federal court, however, Plaintiffs also seek "non-monetary relief," which increases the amount in controversy beyond $75,000. In this case, the "non-monetary relief" that Plaintiffs seeks is, inter alia, a declaration of non-infringement of Channel (H)'s copyrights and that they have not misappropriated Channel (H)'s trade secrets (*See* Exhibit B to the Original Notice of Removal at ¶¶ 25-30)—i.e. the same claims for which Channel (H) seeks more than $12,000,000 in damages in the Channel (H) Federal Action. (*See* Exhibit A). Even were this Court limited to the facts pleaded in the CQ State Court Action, the pleading in that action references license fees of $150,000. Considering that Plaintiffs, themselves, valued a limited *license* of the disputed trade secrets and software at $150,000, the amount truly in controversy easily exceeds $75,000. (*See* Exhibit B to the Original Notice of

Removal at ¶¶ 24). Thus, in accordance with 28 U.S.C. §1446(c)(2)(A), this Court may accept the Defendants' assertion herein that the amount in controversy exceeds $75,000 because, in addition to seeking "Monetary relief of $75,000 or less," Plaintiffs' combined request for non-monetary relief will clearly exceed the jurisdictional limits. *See* Exhibit B to the Original Notice of Removal at p. 10, "Prayer for Relief".

## COMPLIANCE WITH OTHER PROCEEDURAL REQUIREMENTS

24. In compliance with the requirements of 28 U.S.C. §1446(a), the Defendants have attached hereto copies of all process, pleadings, and orders served upon such Defendants in the CQ State Court Action at Exhibits B and C to the Original Notice of Removal. This Amended Notice of Removal is timely under 28 U.S.C. §1446(b) as the Original Notice of Removal was filed within 30 days after the receipt by Defendant Channel (H), Inc. of a copy of the petition filed by Plaintiffs in the CQ State Court Action. Further, on January 30, 2018, this Court granted Defendants leave to file the instant Amended Notice of Removal. *See* [Doc. 29]. Pursuant to 28 U.S.C. §1446(d), Defendants have filed a Notice of Removal with the District Court of Tarrant County, Texas. A copy of the form of Notice of Removal was attached to the Original Notice of Removal as **Exhibit D**. The State Court Notice of Removal and the Notice of Removal were served upon Plaintiffs. Defendants will also serve Plaintiffs with this Amended Notice of Removal.

NOW THEREFORE, all parties to the civil action *CQuentia Series, LLC et al. vs. Channel (H), Inc., et al.*, pending in the 348th Judicial District, in the District Court of the State of Texas, in and for the County of Tarrant, Cause No. 348-295398-17, are hereby notified pursuant to 28 U.S.C. §§ 1441(b)-(c), 1446 and 1454, that all claims and causes of action against Defendants were removed upon the filing of the Original Notice of Removal with the Clerk of the United States

District Court for the Northern District of Texas, and as augmented by the filing of this Amended Notice of Removal.

Dated: February 6, 2018

Respectfully submitted,

By: *Margaret Horton Apgar*
MARGARET HORTON APGAR
THE APGAR FIRM, PLLC
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
margaret@apgarfirm.com

*Attorneys for Defendants*

Of Counsel:
Brett E. Lewis
(*pro hac vice* forthcoming)
Justin Mercer
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com